UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CATHY E. BATES,** | Case No. 3:09 CV 2349 |
| Plaintiff, | Judge James G. Carr |
| v. | REPORT AND RECOMMENDATION |
| **COMMISSIONER OF SOCIAL SECURITY**, | |
| Defendant. | Magistrate Judge James R. Knepp II |

## Introduction

Plaintiff Cathy Bates filed this action for judicial review of the administrative denial of disability insurance benefits (DIB) and supplemental security income benefits (SSI). On December 14, 2010, the undersigned recommended the administrative decision be reversed and remanded. (Doc. 16). The district court adopted this recommendation and remanded the case on February 4, 2011. (Docs. 18-19). Plaintiff then filed the pending Application for Attorney Fees Under the Equal Access to Justice Act seeking $2,899.45 in fees and $350 in costs. (Doc. 20). Defendant has filed an Opposition. (Doc. 21). The district court referred Plaintiff's motion to the undersigned for preparation of a Report and Recommendation. (Doc. 22). For the reasons discussed below, the undersigned recommends Plaintiff's motion be granted in part and denied in part.

## Discussion

Under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A)-(B), a court shall award "reasonable" attorney fees and expenses if: 1) a plaintiff is a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there are no special circumstances that make an award unjust; and 4) the plaintiff files an application within 30 days of final judgment.

Plaintiff clearly meets the first and fourth requirements. Plaintiff's application is timely, and because this Court issued a sentence-four remand, Plaintiff is a "prevailing party". *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

## *No Substantial Justification*

The government's position is "substantially justified" if it had "a reasonable basis in both law and in fact" or was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988). Defendant has the burden of establishing that his position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004). "The fact that . . . the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). Both the underlying agency position and the litigation position must be substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Delta Eng'g v. U.S.*, 41 F.3d 259, 262 (6th Cir. 1994).

Plaintiff argues this Court's prior order remanding her case illustrates the government's position was not substantially justified. This Court previously held that "[t]here are simply too many factual and legal errors in the ALJ's credibility analysis for this Court to find 'the ALJ's explanations for partially discrediting [claimant's testimony] are reasonable.' *Jones*, 336 F.3d at 476." (Doc. 16, at 16). The ALJ faulted Plaintiff for the lack of evidence supporting her claim of fibromyalgia, in contradiction of his acceptance of fibromyalgia as a severe impairment. Additionally, the ALJ improperly faulted Plaintiff for failing to seek medical treatment or obtain prescriptions, without considering evidence in the record that Plaintiff could not afford treatment. *See* Social Security Ruling 96-7p, 1996 WL 374186, *7. The undersigned concludes that the ALJ's credibility analysis and Defendant's position in defending the ALJ's credibility analysis did not have

a "reasonable basis in both law and fact." *Pierce*, 487 U.S. at 563. Additionally, Defendant presents no argument about substantial justification and has therefore not satisfied his burden. *Scarborough*, 541 U.S. at 414-15.

*Award Amount*

The EAJA provides that the attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To determine the appropriate hourly rate for calculating attorney fees under the EAJA, the Court must initially determine the prevailing market rate for the kind and quality of services furnished. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The prevailing market rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). "In requesting an increase in the hourly-fee rate [under the EAJA], Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum*, 465 U.S. at 898).

Plaintiff seeks an award at a rate of $173.62 per hour based on "the effect of inflation on the hourly rate limit" and attaches a calculation based on the Consumer Price Index (CPI). (Doc. 20, at 3, 9). Decisions to adjust the hourly rate based on increases in the cost of living are left to the discretion of the district court. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). Although the Sixth Circuit has held it not an abuse of discretion to deny a rate increase where Plaintiff submits solely the CPI as justification, *Bryant*, 578 F.3d at 450, Defendant has not objected to the requested increase and courts in the Northern District of Ohio have repeatedly found

such increases appropriate. *See, e.g.*, *Lopez v. Comm'r of Soc. Sec.*, 2010 WL 1957422, *3 (N.D. Ohio); *Killings v. Comm'r of Soc. Sec.*, 2009 WL 3614956, *2 (N.D. Ohio). As such, the Court finds Plaintiff's requested rate of $173.62 per hour reasonable.[1] Plaintiff's request for $350 in costs – the district court filing fee – is also reasonable and should be granted. 28 U.S.C. § 2412(a).

*Payment of Award*

Plaintiff argues that she has "executed an assignment of EAJA fees to Counsel" and therefore any fee award should be paid directly to counsel. Defendant argues that such direct payment is inappropriate, citing *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

The Supreme Court held that an EAJA award is properly payable to Plaintiff, not Plaintiff's attorney. *Ratliff*, 130 S. Ct. at 2526-27. In *Ratliff*, the Supreme Court held that the plain text of the EAJA requires payment of an award of attorney fees to the plaintiff rather than her attorney. *Id.* The Court explained that the fact that the plaintiff's "attorney may have a beneficial interest or contractual right" to the fees does not mean the statute provides for direct payment. *Id.* Therefore, the Court held, the award is payable to the plaintiff and is "subject . . . to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 2527.

The question then becomes whether Plaintiff's assignment differentiates this case from *Ratliff*. Defendant states that "[c]onsistent with *Ratliff*, the government will evaluate the propriety of directing payment of the EAJA fees to Plaintiff's attorney pursuant to an assignment after an evaluation of any debts owed by Plaintiff." (Doc. 21, at 3).

---

[1] The Court has reviewed the hours expended by Plaintiff's attorney and finds them to be reasonable. *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) ("It is the opinion of this Court that the average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours."). Defendant has not argued otherwise.

Following *Ratliff*, district courts within the Sixth Circuit have reached varying conclusions regarding whether a court may order fees paid directly to an attorney where there is an assignment. *Compare e.g.*, *Snyder v. Comm'r of Soc. Sec.*, 2011 WL 66458, *3 (N.D. Ohio) (fees payable to claimant), *with Hilker v. Astrue*, 2010 WL 5553980, *1 (S.D. Ohio) (Report and Recommendation later adopted by district court) (fees payable directly to counsel based on assignment because government failed to identify any preexisting debt), *with Cutler v. Astrue*, 2011 WL 901186, *1 (N.D. Ohio) (fees payable directly to attorney "after the defendant has completed its customary investigation into any outstanding federal debts owed by the plaintiff"), *with Boop v. Astrue*, 2011 WL 1234861, *4-5 (S.D. Ohio) (Report and Recommendation later adopted by district court) (awarding fees but remaining silent regarding to whom such fees should be paid). Courts, however, have been consistent in applying *Ratliff* for the proposition that any award – regardless to whom it is paid – is first subject to offset for any preexisting federal debt.

Citing other district court cases post-*Ratliff*, the court in *Boop* explained: "The government retains the discretion and authority to determine whether Plaintiff owes a debt to it. If no such unpaid debt exists, or if EAJA fees remain after a government offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment of EAJA fees to her attorney." 2011 WL 1234861, *4 (quoting *Bishop v. Astrue*, 2010 WL 4279185, at *4-5 (S.D. Ohio) (Report and Recommendation later adopted by district court)). After determining claimant was entitled to fees, the court concluded: "[I]n light of Plaintiff's assignment and the lack of information regarding whether he owes a debt to the United States, Plaintiff [should] be awarded the EAJA fees as a prevailing party, and no Order [should] issue regarding the direction such fees must be paid." *Id.*

In this case, because Plaintiff has not presented evidence of the assignment, and because the Court does not know whether Plaintiff owes a preexisting debt to the government, the *Boop* approach

5

is appropriate. If Defendant determines Plaintiff does not owe a debt to the government, and there is a valid assignment of the fees, the Court sees no reason for the government not to honor the assignment and pay the fees directly to counsel.

## Conclusion and Recommendation

The undersigned recommends Plaintiff's motion for attorney fees and costs be granted in the amount of $3,249.45. The undersigned also recommends no Order issue regarding the direction of payment.

s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).